Waldron
v.
Stevens.

WALDRON *vs.* STEVENS.

Where a party gave a receipt, acknowledging that he had received a note for the payment of a certain sum of money, for a quantity of brick delivered and a certain other *quantity to be delivered*, and on such receipt being presented by a third person, agreed to accept and deliver the brick, and set apart a portion of a brick-kiln for that purpose, and took up the receipt, *it was held*, notwithstanding these acts that he might refuse to deliver the brick, on learning that the maker of the note had *absconded*, and that such fact was known to, and suppressed by the party who presented the receipt, at the time of its presentation.

THIS was an action of *replevin*, tried at the Albany circuit in September, 1831, before the Hon. JAMES VANDERPOEL one of the circuit judges.

On the *ninth* of *April*, 1830, the defendant gave a *receipt* to one A. S. Knapp, in these words : "Rec'd from A. S. Knapp his note for $207 for 15,200 brick delivered, and 20,000 which are *to be delivered* on demand." Previous to the *first* day of *May*, subsequent to the date of the receipt, on a *Saturday evening*, Knapp *absconded* from *Albany*, where he had previously resided ; and on the next day (*Sunday*) the plaintiff in this cause called on the defendant at *Greenbush* and produced the receipt given to Knapp, and asked the defendant if he would accept it and deliver the brick. The defendant answered in the affirmative. The parties designated a portion of a brick-kiln belonging to the defendant, by drawing a line upon it, which they estimated to contain the required quantity of brick, which was stated to be 19,000. It was conceded that the brick were to be delivered at Albany, and it was agreed between the parties that the plaintiff should draw the brick to Albany, and should take a sufficient quantity, besides the 19,000, to pay himself for the transportion, at the rate of $\frac{69}{100}$ per 1000. The plaintiff delivered the receipt to the defendant and left him, and (as a witness testified) seemed much gratified in having succeeded in obtaining a delivery of the brick. The *plaintiff* knew at the time that Knapp had absconded, but did not inform the *defendant* of the fact. On *Monday,* the plaintiff was informed that Knapp had abscond-

ed, and then refused to deliver the bricks to the plaintiff, who sued out a writ of replevin, by virtue of which the brick were delivered to him by the sheriff. The counsel for the defendant insisted that Knapp having absconded, the defendant was not bound to deliver the brick to the plaintiff, who had no better right to the brick than Knapp would have had, particularly as he had not proved that he had paid any consideration for the receipt ; but the jury, under the charge of the judge found a verdict for the plaintiff, which the defendant now moves to set aside.

*S. Stevens*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, SAVAGE, Ch, J. The question is, whether a transaction, such as is exhibited in this case, is to receive the sanction of law.

Here was a contract executory on both sides ; one agrees to deliver brick, the other to pay. Suppose Knapp had notoriously become insolvent, and had demanded the delivery of the brick, would any court compel the delivery when the consideration of the agreement, on the part of the defendant, had failed ? Waldron is certainly in no better situation in point of law, and in equity not so good, for he concealed the truth. It is said that the defendant was not justified in detaining the brick, on the ground of *stoppage in transitu*, for the right to such stoppage depends upon the insolvency of the purchaser intermediate the sale and delivery. The fact of Knapp's absconding, raises a strong presumption of his insolvency ; and I am inclined to think the defendant justified on that ground. But I put it on the ground of fraud in the plaintiff; he shows no interest in the receipt, nor that he had given value for it, which, under the circumstances he certainly should have done. The case now presented shows a promise to deliver, obtained by fraud and without consideration.

New trial granted.